**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

**In re:**

**Kenneth Willaim Novak, Jr. DBA** : **Case No.: 11-20744**
**A-1 Tree Care & Removal** : **Chapter 13**
: **Judge Kent Lindquist**
**Debtor.** : * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| **Name of creditor**: Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2001-A, by and through its mortgage servicing agent Ocwen Loan Servicing, LLC, | **Court claim no.** (if known): 18 |
| **Last four digits** of any number you use to identify the debtor's account: 3420 | |

### Response to Notice of Final Cure Payment

As contemplated by Fed. R. Bankr. Proc. 3002, Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2001-A, by and through its mortgage servicing agent Ocwen Loan Servicing, LLC, ("Creditor") hereby responds to that certain Notice of Final Cure Payment ("Cure Notice") dated 12/01/15 and filed as Docket No. 281

### Pre-Petition Default Payments (applicable option is checked)

☒ Agrees that Debtor(s) has paid in full the amount required to cure the default on Creditor's claim

☐ Disagrees that Debtor(s) has paid in full the amount required to cure the default on Creditor's claim and states that the total amount due to cure pre-petition arrears is:

### Post-Petition Default Payments (applicable option is checked)

☒ Agrees that Debtor(s) is current with respect to all payments consistent with § 1322(b)(5) of the Bankruptcy Code.

☐ Disagrees that Debtor(s) is current with respect to all payments consistent with § 1322(b)(5), and states that the total amount due to cure post-petition arrears is:

The amounts due identified on this response may not, due to timing, reflect all payments sent to Creditor as of the date of the Cure Notice. In addition, the amounts due may include payments reflected on the NDC but which have not yet been received and/or processed by Creditor.

Pursuant to Federal Bankruptcy Rule 3002.1(h), within 21 days of the service of this Response, the Trustee and/or the Debtor shall request a hearing to determine whether the Debtor has cured the default and paid all required post-petition amounts.

**Sign Here**

x ___/s/ Sarah E. Willms___  Date December 15, 2015
    Signature

Print:    Sarah E. Willms (28840-64)        Title Attorneys for Creditor

           John R. Cummins (11532-10)

           Edward H. Cahill (0088985)

           Adam B. Hall (0088234)

Company   Manley Deas Kochalski LLC

Address    P.O. Box 165028
           Number       Street

           Columbus, OH  43216-5028
           City           State      ZIP Code

Contact phone  614-220-5611           Email sew@manleydeas.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Response to Notice of Final Cure was served on the parties listed below via e-mail notification:

Nancy Gargula, One Michiana Square Building, Suite 555, 100 East Wayne Street, South Bend, IN 46601-2349, 574-236-8105

Paul Chael, 401 West 84th Drive, Suite C, Merrillville, IN  46410

Christopher R. Schmidgall, Attorney for Kenneth Willaim Novak, Jr. DBA  A-1 Tree Care &amp; Removal, Six W. 73rd Avenue, Merrillville, IN  46410, bankruptcy@garryaweiss.com

and on the below listed parties by regular U.S. mail, postage prepaid on December  15, 2015:

Amanda C. Hires, Attorney for Kenneth Willaim Novak, Jr. DBA  A-1 Tree Care &amp; Removal, Six W. 73rd Avenue, Merrillville, IN  46410

Kenneth Willaim Novak, Jr. DBA  A-1 Tree Care &amp; Removal, 18007 Holtz Road, Lowell, IN  46356

/s/ Sarah E. Willms